IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21889-CIV-HIGHSMITHMcALILEY

EAGLE FRUIT TRADERS, LLC,

    Plaintiff

v.

FLORIDA FRESH INTERNATIONAL, INC.,
et. al.,

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

This matter is before the Court upon plaintiff's Sur-Reply to Defendant's response Opposing Plaintiff's Motion For Temporary Order with N notice and Motion for Preliminary Injunction. After careful consideration of the record, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff, Eagle Fruit Traders, LLC ("Eagle Fruit") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a et. seq.

2. Florida Fresh International, Inc. ("Florida Fresh"), purchased wholesale quantities of produce and is a dealer as that term is defined by the PACA, and subject to and licensed under the provisions of the PACA as a dealer.

3. Steven S. Sapp and Edwin B. Sapp are the officers, directors and/or managers of Florida Fresh and were in direct control of all operations of Florida Fresh during the period of time in question, and were in positions to control the PACA trust assets belonging to plaintiff.

4. Between April 27, 2007 and May 28, 2007, Eagle Fruit sold and delivered to defendants, in interstate commerce, wholesale amounts of produce items in the amount of $181,799.85.

5. Plaintiff sent invoices to defendants that contained the language required by 7 U.S.C. §499e(c)(4) with respect to $151,636.85 of the produce sold to defendants.

6. Plaintiff has not been paid any monies by defendants for the $151,636.85 worth of commodities that it sold and invoiced to defendants. Defendants contend they are entitled to a credit or offset of $52,327.50 which plaintiff disputes. Apparently, defendants are in severe financial jeopardy and are dissipating PACA trust assets in that defendants have advised that they are unable to pay the undisputed balance of $99,309.35 due plaintiff as required by PACA and have failed and refused to pay any sums to plaintiff despite repeated telephone calls to defendants.  Defendants now refuse to make any payment to Eagle Fruit of the undisputed balance of $99,309.35 as required by PACA until the dispute over the amount of any offset they are entitled to is resolved to their satisfaction.

8. Defendants are failing to comply with their statutory duties under 7 U.S.C. §499e© to hold $99,309.35 in trust for benefit of plaintiff and to pay said sum to plaintiff.

## CONCLUSIONS OF LAW

1. A debt of at least $99,309.35 to plaintiff Eagle Fruit is owed for produce delivered to defendants.

2. Plaintiff is a beneficiary of the trust required to be maintained by defendants under 7 U.S.C. §499e(c) and the enabling regulations at 7 CFR §46.46 in the unpaid, qualified amount of $99,309.35.

3. The likelihood of irreparable harm to plaintiff is great because absent injunctive relief, defendants will continue to violate their statutory duties, resulting in dissipation of trust assets that will be difficult or impossible to recover. It appears that the PACA trust assets are threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000). In addition, defendants' failure to pay plaintiff is impacting plaintiff's ability to discharge its duties under PACA to its suppliers.

4. There is little harm to defendants in granting an injunction, which only requires defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute and pay for the undisputed portion of produce. If notice is given to defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Taminure & Antle, Inc. v. packed Fresh Produce, Inc., supra. Entry of this

Order with notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4). In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

5. The public interest is furthered by the granting of a temporary restraining order. The statute itself states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce.

6. The Court has determined that the bond requirements of FRCP 65(c) are not applicable to this case because defendants already have at least $99,309.35 worth of trust assets from plaintiff as security for the issuance of this Order.

Based on the foregoing, the Court finds that the plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted.

Therefore, it is by the United States District Court for The Southern District of Florida,

ORDERED, ADJUDGED AND DECREED that defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, including Florida Fresh, Inc., shall not alienate, dissipate, pay over or assign any assets of Florida Fresh International, Inc. or their subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff the sum of $99,309.35 by cashiers check or certified check at which time the Order is dissolved.

IT IS FURTHER ORDERED that in the event defendants fail to pay plaintiff the sum of $99,309.35 by cashiers or certified check within five (5) days of service of this Order, then

the defendants shall file with this Court with a copy to plaintiff's counsel an accounting which identifies the assets and liabilities and each account receivable of Florida Fresh International, Inc. signed under penalty of perjury; and that defendant Florida Fresh International, Inc. shall also supply to plaintiff's attorney, within ten (10) days of the date of this Order, any and all documents in connection with their assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

Bond shall be waived in view of the fact that defendants now hold $99,309.35 of plaintiff's assets.

This Temporary Restraining Order is entered this 31st day of March, 2007.

_____
SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE