IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21889-CIV-HIGHSMITH/GARBER

EAGLE FRUIT TRADERS, LLC,

    Plaintiff

v.

FLORIDA FRESH INTERNATIONAL, INC.,
et. al.,

    Defendants.
_____/

ORDER GRANTING PRELIMINARY INJUNCTION

This matter is before the Court upon plaintiff's Sur-Reply to Defendant's response Opposing Plaintiff's Motion For Temporary Order with Notice and Motion for Preliminary Injunction. After careful consideration of the record, and for the reasons articulated below, the Court hereby GRANTS the Motion for Preliminary Injunction and makes the following findings of fact and conclusions of law and DENIES as MOOT the Motion for Temporary Order.[1]

---

[1] Temporary restraining orders may be issued only for a short period of time to prevent immediate and irreparable harm until a hearing can be held on whether to grant a preliminary injunction, and no longer. See Granny Goose Foods v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974). Because a hearing was already held, this order is in the form of a preliminary injunction. See id. at 441 (holding that in such instances where there is a hearing for issuance, dissolution or modification of a temporary restraining order, the court should proceed with the hearing as if it were on a motion for preliminary injunction).

## FINDINGS OF FACT[2]

1. Plaintiff, Eagle Fruit Traders, LLC ("Eagle Fruit") is a dealer in perishable agricultural commodities, i.e., produce, and is licensed under the provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a et. seq. Eagle Fruit purchased wholesale quantities of product from Florida Fresh International, Inc.

2. Florida Fresh International, Inc. ("Florida Fresh"), purchased wholesale quantities of produce and is a dealer as that term is defined by the PACA, and subject to and licensed under the provisions of the PACA as a dealer.

3. Steven S. Sapp and Edwin B. Sapp are the officers, directors and/or managers of Florida Fresh and were in direct control of all operations of Florida Fresh during the period of time in question, and were in positions to control the PACA trust assets belonging to plaintiff.

4. Between March 7, 2007 through June 11, 2007 Defendants sold and delivered to Plaintiff, in interstate commerce, wholesale amounts of produce items in the initially billed amount of $83,364.50, which was later reduced in credits to $67,455.00.

---

[2]"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." University of Texas v. Camenisch, 451 U.S. 390, 395, 101 S.Ct. 1830, 1834 (1981) (internal citations omitted).

5. Between April 27, 2007 and May 28, 2007, Plaintiff sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce items in the amount of $181,799.85.

6. Plaintiff sent invoices to defendants that contained the language required by 7 U.S.C. §499e(c)(4) with respect to $151,636.85 of the produce sold to Defendants.

7. Plaintiff has not been paid any monies by Defendants for the $151,636.85 worth of commodities that it sold and invoiced to defendants. Defendants have been paid $15,137.00 for the $67,455.00 that is sold and invoiced to plaintiff. Thus Defendants are entitled to a credit or offset of $52,318.00 for the remaining bill which Plaintiff disputes. Apparently, Defendants are in severe financial jeopardy and are dissipating PACA trust assets in that defendants have advised that they are unable to pay the undisputed balance of $99,185.85 due Plaintiff as required by PACA and have failed and refused to pay any sums to Plaintiff despite repeated telephone calls to Defendants.  Defendants now refuse to make any payment to Plaintiff of the undisputed balance of $99,318.85 as required by PACA until the dispute over the amount of any offset they are entitled to is resolved to their satisfaction.[3]

8. Defendants are failing to comply with their statutory duties under 7 U.S.C. §499e(c) to hold $99,309.35 in trust for benefit of Plaintiff and to pay said sum to Plaintiff.

---

[3] In Defendant's Motion For Rehearing and Reconsideration defendant alleges that either Eagle Fruit owes Florida Fresh $1,858.75 or Florida Fresh owes $16,719.25 to Eagle Fruit.  Despite more than ample opportunity to do so,  however, they have offered no financial documentation or other record evidence to verify either of these calculations.

## CONCLUSIONS OF LAW

1. A debt of at least $99,318.85 to Plaintiff is owed for produce delivered to Florida Fresh.

2. The Court has determined that 7 U.S.C. §499e(c)(4) of PACA requires a buyer of perishable goods to hold any receivables or proceeds from those perishable goods in a trust until the unpaid seller has been paid. Plaintiff is a beneficiary of the trust and the enabling regulations at 7 CFR §46.46 in the unpaid, qualified amount of $99,318.85.

3. The likelihood of irreparable harm to Plaintiff is great because absent injunctive relief, Defendants will continue to violate their statutory duties, resulting in dissipation of trust assets that will be difficult or impossible to recover. It appears that the PACA trust assets are threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000). In addition, Defendants' failure to pay Plaintiff is impacting Plaintiff's ability to discharge its duties under PACA to its suppliers.

4. There is little harm to Defendants in granting an injunction, which only requires Defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute and pay for the undisputed portion of produce.  Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Taminure & Antle,

<u>Inc. v. packed Fresh Produce, Inc.</u>, <u>supra</u>. Entry of this Order assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

5. The public interest is furthered by the granting of a preliminary injunction. The statute itself states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce.

Based on the foregoing, the Court finds that the Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted.

Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that Defendants and their officers, agents, servants, employees, assigns, attorneys, and financial institutions should be restrained from dissipating, disbursing, or otherwise encumbering any and all funds, monies, and/or unliquidated interests of any type whatsoever now in their possession and/or under their control, as well as any and all funds and/or monies hereinafter received until sums owed to Plaintiff are paid in full.  Nor shall Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, alienate, dissipate, pay over or assign any assets of Florida Fresh International, Inc. or their subsidiaries or related companies.

IT IS FURTHER ORDERED that Defendants are to, within ten (10) days of this Order:

(1) either pay Plaintiff through counsel or deposit into the court registry the sum of

$99,318.85 together with accrued interest as has been demonstrated by the record; and

(2) provide Plaintiff's counsel with a current accounting of business operations, including, but not limited to, records concerning Florida Fresh's assets, bank accounts, accounts receivable, accounts payable, operating expense and sales, and a complete list of all PACA trust creditors.

Bond shall be waived in view of the fact that Defendants now hold $99,309.35 of Plaintiff's assets.

DONE and ORDERED in Miami, Florida, this <u>8th</u> day of September, 2008.

_____
SHELBY HIGHSMITH
UNITED STATES DISTRICT JUDGE